Filed 10/29/13  In re S.S. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re S.S., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | C073070 |
| Plaintiff and Respondent, | (Super. Ct. No. JV134330) |
| v. | |
| S.S., | |
| Defendant and Appellant. | |

After a contested jurisdiction hearing, the juvenile court found that minor S.S. committed assault with a deadly weapon and assault by means of force likely to cause great bodily injury.  (Pen. Code, § 245, subds. (a)(1), (a)(4).)[1]  The juvenile court

_____

[1]  Undesignated statutory references are to the Penal Code.

1

sustained the wardship petition (Welf. & Inst. Code, § 602, subd. (a)), denied the minor's request to reduce the section 245 felony charges to misdemeanors (§ 17, subd. (b)), stayed punishment on one count (§ 654), committed the minor to six days in juvenile hall with six days of credit, and set a maximum term of four years.

The minor now contends the juvenile court abused its discretion in refusing to reduce the felony offenses to misdemeanors. We conclude, however, that there was no abuse of discretion. We will affirm the judgment.

BACKGROUND

*The Jurisdiction Hearing*

The minor attended Foothill High School and so did 15-year-old I.L. and 16-year-old B.H. In September 2012, I.L., B.H. and three others wanted to eat lunch together in a particular classroom, but the door was locked. The minor and his 15-year-old stepsister, D.V., were inside the classroom and did not let I.L. and his friends inside. D.V. testified that when I.L. knocked on the door, she got up to let him in, but the teacher told her to sit down. I.L. and the other boys entered the classroom through another door.

B.H. asked the minor why he was "such a jerk." B.H. then turned D.V.'s computer off, and D.V. threw a sandwich at B.H. I.L. and his friends exchanged "swear words" with the minor and D.V. D.V. and the minor soon left the classroom.

I.L. and B.H. followed them out. B.H. and I.L. approached the minor and D.V., calling D.V. a "slut and bitch" while challenging the minor to a fight. B.H. told D.V. to watch her back, and told the minor that "he was going to beat him up with his group." The minor told B.H. he would not fight him. B.H. followed the minor to his next class, where he sat down and continued to threaten the minor until the teacher kicked him out.

B.H. and I.L.'s group also threatened the minor the following school day, asking the minor to fight "right here, right now." When I.L. would see the minor in school hallways, his friends would exchange threats to fight with the minor. They wanted a "fair" fight with him.

2

On September 13, 2012, I.L., B.H., and two of their friends again saw the minor at school. I.L. saw the tip of a baseball bat hanging outside the minor's backpack. The minor pointed his finger at each of them and said, "I'll fight you, you, you, you after school." The minor said he could beat up all of them. I.L. and his friends asked the minor, "why after school, you have a baseball bat." I.L. had no intention of fighting the minor after school, where he could use the bat. When B.H. said, "okay. Let's fight," the minor challenged them to a group fight after school and then walked away.

During lunch, I.L. and his friends encountered the minor and D.V., who were together with a group of people. The minor and B.H. agreed to fight. But the minor wanted to fight after school. I.L. would not fight after school because he thought the minor would not use his bat in a fight during school. I.L. told the minor, "let's go, one on one." He said he would punch the minor in the face and that he wanted to fight "right now."

The minor suddenly pulled the bat from his backpack and struck I.L. on the shoulder with it. I.L. thought the minor "used all his power" in the swing. I.L. threw his backpack and retreated three or four steps. The minor followed, swung "really hard," and hit I.L. on the wrist. As I.L. continued to back up, the minor swung and hit a metal pole with the bat. The minor asked I.L. if he wanted some more, and asked the other boys if they "want some too." As I.L. ran away, the minor pursued with the bat. The minor then went to a bush and dropped the bat, as if he was trying to hide it.

Officer Alexander Ivanov, a school resource officer for the Twin Rivers Unified School District, was at Foothill High School on the day of the incident. Responding to the altercation, he recovered an aluminum tee ball bat with "Russia" carved into it. The minor was not injured; I.L. sustained a three- to four-inch bruise and swelling above his left wrist. I.L.'s wrist "hurt pretty bad" and he was taken to the hospital for treatment.

D.V. testified that on the day of the incident, D.V. and the minor were encircled by I.L. and seven or eight other people. I.L. approached the minor and said he was going to

3

punch him in the face. As the minor stood there, I.L. took off his backpack and started throwing punches at the minor. The minor dodged the punches while the rest of I.L.'s group "started coming closer and closer with clenched fists." The minor took the bat out of his backpack and moved it from side to side defensively. He did not swing the bat or hold it above his head. The minor did not intentionally hit I.L. with the bat, but I.L. may have hit himself with the bat when he was trying to punch the minor.

According to D.V., I.L. and his friends got scared when they saw the bat and "kind of scattered away." The minor brought the bat to school to play baseball with D.V., not for protection.

However, a Twin Rivers Police detective testified that D.V. told him the minor pulled the bat out of his backpack and started to swing at I.L.

The juvenile court found that I.L., B.H. and their friends had been picking on, hassling and threatening the minor, and their treatment was a problem. The juvenile court said whether the minor acted in self-defense was a close call, but the minor did not have the right to defend himself in the manner that he chose. The juvenile court sustained the charges.

*The Disposition Hearing*

A social study report related that the minor moved from Russia to the United States with his father in 2011, and that his mother remains in Russia. He lives with his father, stepmother, 15-year-old stepsister and nine-year-old stepbrother.

The minor is in 10th grade. Because he spoke minimal English, his classes were primarily in English as a second language. His behavior and grades were good and he was on the wrestling team. His father reported no behavior problems at home and he does not believe the minor uses drugs or alcohol.

An addendum report stated that I.L.'s mother reported his arm was bruised but not broken or fractured. She would not seek restitution as she had no out-of-pocket expenses. The minor apologized and I.L.'s family forgave him.

4

The minor's stepmother reported that he "is a good kid. He helps cook, clean, and wash dishes." The minor was transferring to another high school to be away from the boys in the incident. She was also concerned about the minor's immigration status, as he would be starting the process for obtaining American citizenship after his father obtained it.

The minor had no record of prior misconduct.

At the disposition hearing, minor's counsel asked the trial court to reduce the felonies to misdemeanors pursuant to section 17. Counsel noted the minor was 16, the injury was comparatively minor, the behavior by the other boys mitigated the offense, and the minor is back in school and doing well.

The juvenile court described the question as a "tough one." It recognized this was the minor's first offense and he was back in school, and it understood the circumstances which led to the incident. Nonetheless, in light of the lengths the minor went to defend himself, the excessive force he employed, the threat of more serious injury to the victim, and the need to deter future criminal conduct, the juvenile court found "that the gravity of both offenses should be felon[ious] in nature."

## DISCUSSION

The minor contends the trial court abused its discretion in declining to reduce the felonies to misdemeanors.

Our Supreme Court has held that the exercise by a trial court of discretion under section 17, subdivision (b), to reduce a wobbler charged as a felony to a misdemeanor "must be an intensely fact-bound inquiry taking all relevant factors, including the defendant's criminal past and public safety, into due consideration; and the record must so reflect." (*People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 981-982 (*Alvarez*).) Among the factors to be considered by the court are " 'the nature and circumstances of the offense, the defendant's appreciation of and attitude toward the

offense, or his traits of character as evidenced by his behavior and demeanor at the trial.' [Citations.]" *(Id.* at p. 978.)

It is a defendant's burden to demonstrate that the trial court's denial of his motion to reduce was irrational or arbitrary. *(Alvarez, supra*, 14 Cal.4th at pp. 977-978.) " 'In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.' [Citation.]" *(Ibid.)*

The minor asserts that the juvenile court found he had been bullied by the victim and his friends and that he acted in self-defense, albeit with excessive force. He further asserts his legitimate fear for his and his stepsister's safety, the minimal injury to the victim, his lack of a prior record or other misbehavior, his good student record, and his apology to the victim's family. Noting the purpose of delinquency law to promote the best interests of the minor and the public (Welf. & Inst. Code, § 202, subd. (a)), the minor argues those purposes are best advanced by reducing his crimes to misdemeanors because it would take a low risk offender off felony probation, improve the minor's future employment and educational opportunities, and limit potential threats to his immigration status.

The juvenile court considered the nature of the offense, the offender, and the public interest when exercising its discretion. It noted his lack of a prior record and the factual context of his crimes. Acknowledging these were mitigating factors, it nonetheless denied the motion based on the excessive force, the threat of more serious injury and the need to deter future criminal conduct.

The juvenile court considered the relevant factors and arrived at a decision that was neither arbitrary nor irrational. The minor does no more than identify reasons to disagree with the juvenile court's decision, but we cannot engage in de novo review.

Defendant has not established that the juvenile court's decision was arbitrary or irrational.

DISPOSITION

The judgment is affirmed.

_____MAURO_____, J.

We concur:

_____BLEASE_____, Acting P. J.

_____DUARTE_____, J.

7